R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff:
Fitness Superstore, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Fitness Superstore, Inc., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JJW, Incorporated, a New Mexico Corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF FOR:** <br><br> **(1) DECLARATION OF NON-INFRINGEMENT   OF REGISTERED TRADEMARK;** <br> **(2) DECLARATION OF NON-INFRINGEMENT OF COMMON LAW TRADEMARK;** <br> **(3) DECLARATION OF TRADEMARK CONCURRENT USE RIGHTS; AND,** <br> **(4) DECLARATION OF INVALIDITY AND/OR UNENFORCEABILITY OF TRADEMARK RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff Fitness Superstore, Inc. (hereinafter, "FSI") hereby complains against Defendant JJW, Incorporated (hereinafter, "JJW") as follows:

## I. THE PARTIES

1.     Plaintiff FSI is a California Corporation with its principal place of business located at 537 Stone Rd, Ste F, Benicia, CA 94510.  FSI specializes in the on-line sales of Home & Commercial Gym Equipment. FSI has offered such equipment since 2010 and extensively markets and sells its products on its website, www.fitnesssuperstore.com,  and  to  a  lesser  extent  through  other  on-line  sales platforms such as Amazon, ebay, and Walmart.  FSI's website is the primary driver of  sales  throughout  the  United  States  and  internationally,  offering  delivery  to destinations throughout the world.

2.     JJW is located at 4840 Pan American Frwy NE, Albuquerque, NM 87109.  JJW also specializes in the sale of Home & Commercial Gym Equipment. JJW operates two brick and mortar stores, which are located in Albuquerque, New Mexico and El Paso, Texas.  Both stores are called THE FITNESS SUPERSTORE:



**Albuquerque, New Mexico**



**El Paso, Texas**

TROJAN LAW OFFICES
BEVERLY HILLS

3.     Upon information and belief, the fitness equipment that JJW sells frequently requires installation and periodically requires service.  For this reason, JJW limits its sales to predominately New Mexico and West Texas.  This geographic limitation on JJW's business is reflected on its web site below:



## COVERAGE AND CONTACTS

| | |
|---|---|
| **Albuquerque Metro area:**<br>*Gary Chavez or Kyle Frishe, Certified Technicians*<br>📞 505-225-2610, ext. 3 | **Eastern & Western New Mexico:**<br>*Kyle Frishe, Certified Technician*<br>📞 505-225-2610, ext. 205 |
| **Northern New Mexico:**<br>*Gary Chavez, Certified Technician*<br>📞 505-225-2610, ext. 214 | **Southern New Mexico and West Texas:**<br>*Mark Guerin, Certified Technician*<br>📞 915-314-5617 |

See https://www.thefitnesssuperstore.com/the-fitness-superstore-service/

4.  The limited scope of JJW's sales is further reflected on its web site when one seeks to buy any of its fitness products on-line.   Specifically, at check out, JJW offers FREE STATEWIDE DELIVERY.   JJW makes this offer without any indication of the specific State in which the free statewide delivery is provided. There is no need for JJW to indicate in which state free delivery is provided because it is understood that the State is New Mexico:

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9

TROJAN LAW OFFICES
BEVERLY HILLS



5.  On December 30, 2022, JJW filed a federal trademark application for THE

FITNESS SUPERSTORE, which matured into U.S. Reg. No. 7417510 (hereinafter,

'510 Registration).  The application that matured into the '510 Registration was filed

in International Class 35 for "retail store services in the field of fitness equipment"

and "fitness equipment maintenance and repair services."   It was not for *on-line* retail

store services, which is a separate designation in International Class 35.   JJW's

trademark application for retail store services was supported by a photo of JJW's

brick and mortar Albuquerque, New Mexico store:



The failure of JJW to include *on-line* retail store services in its trademark application

was not an oversight, but rather reflects the fact that JJW's relatively primitive

website, www.TheFitnessSuperstore.com, exists primarily to support JJW's two brick and mortar stores, which have existed since 1992.

6.   Starting in 2010 and continuing to early 2024, FSI and JJW executives regularly exchanged e-mails with each other and even exchanged cell phone numbers to facilitate direct communication.   The topics of the e-mails ranged from meeting at trade shows, to exchange of vendor information, to the exchange of sales leads.  In the fourteen years of communications, JJW did not even once object to FSI's use of FITNESS SUPERSTORE even though the term was used as a trademark by FSI in every one of their communications with each other.  Not only did JJW fail to object for fourteen years, JJW actually told FSI that it wished it well, stating as early as 2011, "Hope business is good ….. Best to you."  On other occasions, JJW told FSI to take a prospective customer because the customer was in the 925 area code, which was outside of JJW's geographic service area.  JJW's behavior was more than just acquiescence to FSI's use of FITNESS SUPERSTORE, it rose to the level of consent.

7.   Yet, on August 2, 2024, FSI received a cease-and-desist letter from JJW's attorneys, demanding for the first time in fourteen years of co-existence that FSI immediately stop all uses of FITNESS SUPERSTORE and turn over its FITNESS SUPERSTORE Domain name to JJW or else be sued for damages and injunctive relief.

8.   During the fourteen years of co-existence, FSI has relied upon JJW's acceptance of its use of FITNESS SUPERSTORE by investing heavily in the name

-4-

as evidenced by the fact that FSI has grown sales of its FITNESS SUPERSTORE products from roughly $138,000/year in 2010 to about $15 million/year in 2023. Total sales over that time have been more than $113 million with more than 40,000 customer accounts created. FSI's commitment to the FITNESS SUPERSTORE mark is further evidenced by its heavy investment in on-line marketing, which totals in excess of $70,000 per month in many months. The community has benefited by the growth of FSI as represented by the fact that it has grown from just the founder at the start in 2010 to about 90 full time employees today. Customers have come to associate the FITNESS SUPERSTORE with the Plaintiff and rely upon the brand as a source of quality merchandise and service.

## II.  JURISDICTION AND VENUE

9.     This is a civil action for declaratory judgment of trademark rights and trademark infringement arising under the Trademark Laws of the United States. This Court has original subject matter jurisdiction over Plaintiff's trademark claims pursuant to 28 U.S.C. §1338(a) and pursuant to the 28 U.S.C. §§ 2201 and 2202 governing declaratory judgments.

10.     This Court has federal question jurisdiction under 28 U.S.C. §1331 and §1338(a) over Plaintiff's trademark claims arising under the Lanham Act. In the alternative, the Court has subject matter and original jurisdiction over all claims for relief asserted herein pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

11.     Plaintiff is informed and believes, and on that basis alleges, this Court has personal jurisdiction over Defendant because it has made accusations of infringement directed at Plaintiff within this judicial district and, on information and belief, Defendant conducts business within this judicial district by selling products in this judicial district, and the causes of action asserted in this Complaint arise out of Defendant's contact with this judicial district.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the acts complained of herein have been, and are being committed, in this judicial district.

### III.  FIRST COUNT FOR DECLARATORY RELIEF
### OF NON-INFRINGEMENT OF UNITED STATES TRADEMARK
### REGISTRATION NO. 7,417,510 FOR THE FITNESS STORE

13.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 12.

**A.     The Legal Dispute Giving Rise to Declaratory Judgment**

14.     Defendant JJW is the owner of United States Trademark Registration No. 7,417,510 for THE FITNESS SUPERSTORE issued on June 18, 2024 (hereinafter, '510 Registration).  The '510 Registration makes no claim to any rights in the word SUPERSTORE, expressly disclaiming the term, "No claim is made to

the exclusive right to use the following apart from the mark as shown: 'SUPERSTORE'."

15.    Defendant JJW has accused the Plaintiff FSI of infringing the '510 Registration because FSI uses FITNESS SUPERSTORE as a service mark.  FSI has provided JJW's counsel with evidence of JJW's consent to use the FITNESS SUPERSTORE mark dating back more than a decade and has explained why any claim for infringement is barred by the Doctrine of Laches.  Yet, Defendant JJW has not withdrawn its claim of infringement.

16.    The dispute between the Plaintiff and Defendant concerning infringement of the '510 Registration is definite and concrete, touching directly upon the legal relations of parties having adverse legal interests. Hence, this dispute is sufficiently real and substantial to be effectively resolved by specific relief through a decree of a conclusive character in the form of a declaration that Plaintiff does not infringe the '510 Registration and the substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**B.    The Defendant's Claim is Barred by Laches Because of the**

**Fourteen Year Delay and Defendant Consented to Plaintiff's Use**

17.    Plaintiff seeks a declaratory judgment that Plaintiff does not infringe the '510 Registration because Defendant's claim of infringement is barred by the Doctrine of Laches as result of the fourteen-year delay in asserting the claim.  The claim is also barred because Defendant has consented to Plaintiff's use of FITNESS

SUPERSTORE, or at least has acquiesced to such use, by fourteen years of engaging with Plaintiff on business matters and matters of common interest in the fitness industry.   Defendant has been aware of Plaintiff's use of the FITNESS SUPERSTORE mark for the past fourteen years and never once objected to Plaintiff's use of the mark.

18.    The legal test for laches in the Ninth Circuit is two-fold: first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay? To apply the first prong of the laches test, the time period for laches began to run when Defendant knew, or should have known, about Plaintiff's use of the FITNESS SUPERSTORE mark.   Defendant knew of the use as early as 2010 when the parties exchanged e-mails about business issues, and the Defendant has continued to be aware of Plaintiff's use because of on-going communications between them for the last fourteen years.   In addition, Plaintiff's FITNESS SUPERSTORE website is prominently displayed on the first page of Google when a search is conducted, placing Defendant on full notice of Plaintiff's open and notorious use of the mark.

19.    Defendant's fourteen-year delay is presumptively unreasonable because a laches determination is made with reference to the limitations period for the analogous state action at law in the Ninth Circuit. The most analogous California statute of limitations for a trademark infringement claim is California's four-year statute of limitations for trademark infringement. When the claim is filed after the

analogous limitations period has expired, the presumption is that laches is a bar to suit in the Ninth Circuit. Accordingly, Defendant's delay in bringing an action satisfies the first prong of the test for laches in this Circuit.

20.     Turning to the second prong of the test for laches concerning prejudice, the fourteen-year delay in bringing the claim has been highly prejudicial to Plaintiff. This is because Plaintiff has heavily invested in the brand over these many years, creating substantial goodwill in the mark that simply cannot be replaced. Customers have come to know Plaintiff as FITNESS SUPERSTORE for their fitness equipment needs and rely upon that brand identity to feel confident that the fitness equipment they buy is genuine and maintained properly to ensure the highest quality. Changing the name would be extremely prejudicial to Plaintiff at this late date, representing the loss of the entire goodwill in the mark.

21.     For at least these reasons, both the first and second prongs of the test for laches in the Ninth Circuit are amply satisfied. Therefore, Plaintiff seeks a declaratory judgment that the Defendant's claim for trademark infringement is barred by laches and/or that Defendant has consented, expressly or by implication, to the use of FITNESS SUPERSTORE by Plaintiff.

**C.     The Defendant's Claim Is Barred Because The Trademark Is Merely Descriptive**

22.     The Defendant JJW's '510 Registration for THE FITNESS SUPERSTORE is invalid because SUPERSTORE has already been disclaimed in the

TROJAN LAW OFFICES
BEVERLY HILLS

registration, leaving only FITNESS as the allegedly distinctive portion the mark. FITNESS is not distinctive, but rather is descriptive of the goods sold by JJW, namely fitness equipment.   A trademark is considered merely descriptive if it describes an ingredient, quality, characteristic, function, feature, purpose, or use of the specified goods or services.   Hence, THE FITNESS SUPERSTORE is merely descriptive for any superstore that sells fitness equipment.    As a legal consequence, the '510 Registration is invalid for descriptiveness.

23.  Defendant JJW knew its mark was merely descriptive when it applied for registration.   To avoid the problem of descriptiveness and a rejection of the application in the Trademark Office, JJW engaged in a procedural maneuver by checking a single box in which JJW claimed acquired distinctiveness based on five or more years of use under Section 2(f).   To make this claim under Section 2(f), Defendant JJW had to certify under penalty of perjury that "the mark has become distinctive of the goods/services through the applicant's *substantially exclusive* and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement." See 37 C.F.R. §2.41(b)(2) (emphasis added).

24.  Defendant JJW's reliance on Section 2(f) to avoid a descriptiveness rejection in the Trademark Office only postponed the time when JJW must prove its descriptive mark has acquired secondary meaning.  Having shown that Plaintiff and Defendant have both used the FITNESS SUPERSTORE mark for the last fourteen

years, Plaintiff has shown that JJW's use was not substantially exclusive.   Without substantial exclusivity, it is not possible for consumers to associate FITNESS SUPERSTORE exclusively with JJW because consumers are familiar with both Plaintiff and Defendant using the mark.  Moreover, since JJW's primary use has been in New Mexico and West Texas, it is not possible that consumers in the remaining United States have come to associate the FITNESS SUPERSTORE mark exclusively with JJW because JJW's sales outside of its home territory have not been substantial enough to create secondary meaning in the minds of an appreciable number of such consumers.

25.    In addition to the use of FITNESS SUPERSTORE by the Plaintiff and Defendant, there are other businesses in the gym equipment market that incorporate FITNESS SUPERSTORE into their trademark thereby contributing to the fact that consumers do not associate FITNESS SUPERSTORE with a single source, but rather multiple sources.  For this reason as well, Defendant JJW has no exclusive trademark rights in the mark.

**D.    The Defendant's Claim Is Barred Because the '510 Registration Is Unenforceable Due to Fraud on The Trademark Office**

26.  Defendant JJW knew its claim under penalty of perjury that its use of the mark was substantially exclusive was a false statement because JJW had co-existed with Plaintiff's use of FITNESS SUPERSTORE for the previous thirteen years before JJW filed its trademark application.  Hence, Defendant JJW knew its use of

FITNESS SUPERSTORE had not been "substantially exclusive… for at least the five years immediately before the date of this statement." This constituted fraud on the Trademark Office thereby rendering the '510 Registration unenforceable.

**E.    The Defendant's Claim is Barred Because Plaintiff Has Concurrent Use Rights**

27.   Plaintiff FSI has concurrent rights arising from the following facts: Defendant JJW has been using THE FITNESS SUPERSTORE for only two brick and mortar stores in New Mexico and West Texas since 1992 and has never expanded its geographic footprint beyond New Mexico and West Texas. With no plans to expand, JJW had no objection to FSI's use of the mark when it was established fourteen years ago and allowed FSI to expand unimpeded for fourteen years in California and throughout the country. JJW and FSI have always sold different brands of fitness equipment, which means that they are never in direct competition for the sale of the same fitness machine or device. This fact has also contributed to their peaceful co-existence for the last fourteen years.

28.   Plaintiff FSI is entitled to concurrent use rights in all states in the United States in which FSI has made sales using the FITNESS SUPERSTORE mark before Defendant JJW obtained its '510 Registration, or alternatively, before Defendant JJW complained about FSI's use of the FITNESS SUPERSTORE mark, and in all additional states that constitute FSI's natural scope of expansion. The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in

TROJAN LAW OFFICES
BEVERLY HILLS

relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

**F.    Summary of the Five Grounds for Non-Infringement**

29.    Accordingly, Plaintiff seeks a declaratory judgment that the Plaintiff does not infringe Defendant JJW's alleged trademark rights in the FITNESS SUPERSTORE  mark because: (a) JJW's claim of infringement is barred by the Doctrine of Laches because of the fourteen-year delay in bringing the claim; (b) JJW has consented to FSI's use of the mark for the last fourteen-years; (c) Defendant JJW's '510 Registration is unenforceable because of fraud on the Trademark Office as a result of JJW claiming under penalty of perjury in its trademark application that JJW's use of the mark was substantially exclusive for the last five years when JJW knew that Plaintiff FSI had been using the mark for the last thirteen years at the time that JJW applied for the registration; (d) Defendant JJW's '510 Registration is invalid because the FITNESS SUPERSTORE is descriptive and Defendant JJW cannot establish that it has acquired secondary meaning in the mark; (e) alternatively, Plaintiff FSI is entitled to its own concurrent use registration for FITNESS SUPERSTORE because of its extensive use of the mark in California, throughout the United States, and in U.S. international commerce.

//

//

## IV.  SECOND COUNT FOR DECLARATORY RELIEF

## OF NON-INFRINGEMENT OF DEFENDANT'S COMMON LAW RIGHTS

## IN THE FITNESS SUPERSTORE WORD MARK

30.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29.

### A.    The Legal Dispute Giving Rise to Declaratory Judgment

31.    Defendant JJW has accused the Plaintiff FSI of infringing upon JJW's common law rights in THE FITNESS SUPERSTORE mark by FSI's use of the FITNESS SUPERSTORE as a service mark.  FSI has provided JJW's counsel with evidence of JJW's consent to use the FITNESS SUPERSTORE mark dating back more than a decade and has explained why any claim for infringement is barred by the Doctrine of Laches.  Yet, Defendant JJW has not withdrawn its claim of infringement.

32.    The dispute between the Plaintiff and Defendant concerning infringement of THE FITNESS SUPERSTORE mark is definite and concrete, touching directly upon the legal relations of parties having adverse legal interests. Hence, this dispute is sufficiently real and substantial to be effectively resolved by specific relief through a decree of a conclusive character in the form of a declaration that Plaintiff does not infringe THE FITNESS SUPERSTORE and the substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

TROJAN LAW OFFICES
BEVERLY HILLS

**B.**     **The Defendant's Claim Is Barred by Laches Because of the**

**Fourteen Year Delay and Defendant Consented to Plaintiff's Use**

33.     Plaintiff seeks a declaratory judgment that Plaintiff does not infringe THE FITNESS SUPERSTORE mark because Defendant's claim of infringement is barred by the Doctrine of Laches as result of the fourteen-year delay in asserting the claim.  The claim is also barred because Defendant has consented to Plaintiff's use of FITNESS SUPERSTORE, or at least has acquiesced to such use, by fourteen years of engaging with Plaintiff on business matters and matters of common interest in the fitness industry.  Defendant has been aware of Plaintiff's use of the FITNESS SUPERSTORE mark for the past fourteen years and never once objected to Plaintiff's use of the mark.

34.     The legal test for laches in the Ninth Circuit is two-fold: first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay? To apply the first prong of the laches test, the time period for laches began to run when Defendant knew, or should have known, about Plaintiff's use of the FITNESS SUPERSTORE mark.   Defendant knew of the use as early as 2010 when the parties exchanged e-mails about business issues, and the Defendant has continued to be aware of Plaintiff's use because of on-going communications between them for the last fourteen years.   In addition, Plaintiff's FITNESS SUPERSTORE website is prominently displayed on the first page of Google when a

search is conducted, placing Defendant on full notice of Plaintiff's open and notorious use of the mark.

35. Defendant's fourteen-year delay is presumptively unreasonable because a laches determination is made with reference to the limitations period for the analogous state action at law in the Ninth Circuit. The most analogous California statute of limitations for a trademark infringement claim is California's four-year statute of limitations for trademark infringement. When the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit in the Ninth Circuit. Accordingly, Defendant's delay in bringing an action satisfies the first prong of the test for laches in this Circuit.

36. Turning to the second prong of the test for laches concerning prejudice, the fourteen-year delay in bringing the claim has been highly prejudicial to Plaintiff. This is because Plaintiff has heavily invested in the brand over these many years, creating substantial goodwill in the mark that simply cannot be replaced. Customers have come to know Plaintiff as FITNESS SUPERSTORE for their fitness equipment needs and rely upon that brand identity to feel confident that the fitness equipment that they buy is genuine and maintained properly to ensure the highest quality. Changing the name would be extremely prejudicial to Plaintiff at this late date, representing the loss of the entire goodwill in the mark.

37. For at least these reasons, both the first and second prongs of the test for laches in the Ninth Circuit are amply satisfied. Therefore, Plaintiff seeks a declaratory

judgment that the Defendant's claim for trademark infringement is barred by laches and/or that Defendant has consented, expressly or by implication, to the use of FITNESS SUPERSTORE by Plaintiff.

**C.     The Defendant's Claim Is Barred Because the Trademark Is Merely Descriptive**

38.   The Defendant JJW's alleged common law rights in THE FITNESS SUPERSTORE because THE FITNESS SUPERSTORE is descriptive of the goods sold by JJW, namely fitness equipment.   A trademark is considered merely descriptive if it describes an ingredient, quality, characteristic, function, feature, purpose, or use of the specified goods or services.   Hence, THE FITNESS SUPERSTORE is merely descriptive for any superstore that sells fitness equipment. As a legal consequence, JJW has no common law trademark rights in THE FITNESS SUPERSTORE because the mark cannot serve as a trademark because it is descriptive.

39.   Since Plaintiff and Defendant have both used the FITNESS SUPERSTORE mark of the last fourteen years, JJW's use was not substantially exclusive.   Without substantial exclusivity, it is not possible for consumers to associate FITNESS SUPERSTORE exclusively with JJW because consumers are familiar with both Plaintiff and Defendant using the mark.  Moreover, since JJW's primary use has been in New Mexico and West Texas, it is not possible that consumers in the remaining United States have come to associate THE FITNESS

TROJAN LAW OFFICES
BEVERLY HILLS

SUPERSTORE mark exclusively with JJW because JJW's sales outside of its home territory have not been substantial enough to create secondary meaning in the minds of an appreciable number of such consumers.

40.     In addition to the use of FITNESS SUPERSTORE by the Plaintiff and Defendant, there are other businesses in the gym equipment market that incorporate FITNESS SUPERSTORE into their trademark thereby contributing to the fact that consumers do not associate FITNESS SUPERSTORE with a single source, but rather multiple sources.  For this reason as well, Defendant JJW has no exclusive common law trademark rights in the mark.

**E.     The Defendant's Claim Is Barred Because Plaintiff Has Concurrent Use Rights**

41.   Plaintiff FSI has concurrent rights in FITNESS SUPERSTORE arising from the following facts: Defendant JJW has been using THE FITNESS SUPERSTORE for only two brick and mortar stores in New Mexico and West Texas since 1992 and has never expanded its geographic footprint beyond New Mexico and West Texas.  With no plans to expand, JJW had no objection to FSI's use of the mark when it was established fourteen years ago and allowed FSI to expand unimpeded for fourteen years in California and throughout the country.  JJW and FSI have always sold different brands of fitness equipment, which means that they are never in direct competition for the sale of the same fitness machine or device.  This fact has also contributed to their peaceful co-existence for the last fourteen years.

42.  Plaintiff FSI is entitled to concurrent use rights in all states in the United States in which FSI has made sales using the FITNESS SUPERSTORE mark before Defendant JJW complained about FSI's use of the FITNESS SUPERSTORE mark and in all additional states that constitute FSI's natural scope of expansion.  The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

**F.    Summary of the Five Grounds for Non-Infringement**

43.   Accordingly, Plaintiff seeks a declaratory judgment that the Plaintiff does not infringe Defendant JJW's alleged common law trademark rights in the FITNESS SUPERSTORE  mark because: (a) JJW's claim of infringement is barred by the Doctrine of Laches because of the fourteen-year delay in bringing the claim; (b) JJW has consented to FSI's use of the mark for the last fourteen-years; (c) Defendant JJW has no common law trademark rights in the mark because the FITNESS SUPERSTORE is descriptive and Defendant JJW cannot establish that it has acquired secondary meaning in the mark; (d) alternatively, Plaintiff FSI is entitled to concurrent use of FITNESS SUPERSTORE because of its extensive use of the mark in California, throughout the United States, and in U.S. international commerce.

//

//

## V.  THIRD COUNT FOR DECLARATORY RELIEF

## OF TRADEMARK CONCURRENT USE RIGHTS

44.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 43.

45.   Defendant JJW is the owner of the '510 Registration.  Defendant JJW has accused the Plaintiff FSI of infringing the '510 Registration because FSI uses FITNESS SUPERSTORE as a service mark.  Defendant JJW has not withdrawn its claim of infringement.

46.   The dispute between the Plaintiff and Defendant concerning infringement of the '510 Registration is definite and concrete, touching directly upon the legal relations of parties having adverse legal interests.  Hence, this dispute is sufficiently real, immediate, and substantial to warrant the issuance of specific relief through a decree of a conclusive character that the '510 Registration must be amended to reflect Plaintiff FSI's concurrent use rights in the FITNESS SUPERSTORE and that Plaintiff is entitled to its own registration for FITNESS SUPERSTORE.

47.   Plaintiff FSI has concurrent rights arising from the following facts: Defendant JJW has been using THE FITNESS SUPERSTORE for only two brick and mortar stores in New Mexico and West Texas since 1992 and has never expanded its geographic footprint beyond New Mexico and West Texas.  With no plans to expand, JJW had no objection to FSI's use of the mark when it was established

TROJAN LAW OFFICES
BEVERLY HILLS

fourteen years ago and allowed FSI to expand unimpeded for fourteen years in California and throughout the country.  Plaintiff FSI is entitled to concurrent use rights in all states in the United States in which FSI has made sales using the FITNESS SUPERSTORE mark before Defendant JJW obtained its '510 Registration, or alternatively, before Defendant JJW complained about FSI's use of the FITNESS SUPERSTORE mark, and in all additional states that constitute FSI's natural scope of expansion.  The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

48.  Accordingly, Plaintiff seeks a declaratory judgment that Plaintiff FSI is entitled to its own concurrent use registration for FITNESS SUPERSTORE because of its extensive use of the mark in California, throughout the United States, and in U.S. international commerce and a decree that the '510 Registration must be amended to reflect Plaintiff FSI's concurrent use rights in the FITNESS SUPERSTORE.

//

//

//

//

//

## VI.  FOURTH COUNT FOR DECLARATORY RELIEF

## OF INVALIDITY AND/OR UNENFORCEABILITY OF

## UNITED STATES TRADEMARK REGISTRATION NO. 7,417,510

## FOR THE FITNESS STORE

49.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 48.

50.  Defendant JJW is the owner of the '510 Registration.  Defendant JJW has accused the Plaintiff FSI of infringing the '510 Registration because FSI uses FITNESS SUPERSTORE as a service mark.  Defendant JJW has not withdrawn its claim of infringement.

51.    The dispute between the Plaintiff and Defendant concerning infringement of the '510 Registration is definite and concrete, touching directly upon the legal relations of parties having adverse legal interests.  Hence, this dispute is sufficiently real, immediate, and substantial to warrant the issuance of specific relief through a decree of a conclusive character that the '510 Registration is invalid and/or unenforceable.

52.    The Defendant JJW's '510 Registration for THE FITNESS SUPERSTORE is invalid because SUPERSTORE has already been disclaimed in the registration, leaving only FITNESS as the allegedly distinctive portion the mark. FITNESS is not distinctive, but rather is descriptive of the goods sold by JJW, namely fitness equipment.   A trademark is considered merely descriptive if it describes an

TROJAN LAW OFFICES
BEVERLY HILLS

ingredient, quality, characteristic, function, feature, purpose, or use of the specified goods or services.   Hence, THE FITNESS SUPERSTORE is merely descriptive for any superstore that sells fitness equipment.    As a legal consequence, the '510 Registration is invalid for descriptiveness.

53.  Defendant JJW knew its mark was merely descriptive when it applied for registration.   To avoid the problem of descriptiveness and a rejection of the application in the Trademark Office, JJW engaged in a procedural maneuver by checking a single box in which JJW claimed acquired distinctiveness based on five or more years of use under Section 2(f).  To make this claim under Section 2(f), Defendant JJW had to certify under penalty of perjury that "the mark has become distinctive of the goods/services through the applicant's ***substantially exclusive*** and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement." See 37 C.F.R. §2.41(b)(2) (emphasis added).   Defendant JJW knew this was a false statement because JJW had co-existed with Plaintiff's use of FITNESS SUPERSTORE for the previous thirteen years before JJW filed its trademark application.  Hence, Defendant JJW knew its use of FITNESS SUPERSTORE had not been "substantially exclusive… for at least the five years immediately before the date of this statement."   This constituted fraud on the Trademark Office thereby rendering the '510 Registration unenforceable.

54.    Accordingly, Plaintiff seeks a declaratory judgment that: (a) Defendant JJW's '510 Registration is unenforceable because of fraud on the Trademark Office as a result of JJW claiming under penalty of perjury in its trademark application that JJW's use of the mark was substantially exclusive for the last five years when JJW knew that Plaintiff FSI had been using the mark for the last thirteen years at the time that JJW applied for the mark; and (b) Defendant JJW's '510 Registration is invalid because the FITNESS SUPERSTORE is descriptive and Defendant JJW cannot establish that it has acquired secondary meaning in the mark in the minds of a substantial number of consumers in the United States.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a.    A declaration that Plaintiff does not infringe the Defendant's '510 Trademark Registration for THE FITNESS SUPERSTORE;

b.    A declaration that Plaintiff does not infringe the Defendant's alleged common law rights in THE FITNESS SUPERSTORE mark;

c.    A declaration of Plaintiff's concurrent use rights in the FITNESS SUPERSTORE mark;

d.    A declaration that Defendant's '510 registration is unenforceable because Defendant committed fraud on the Trademark Office;

d.    A declaration that Defendant's '510 registration is invalid because THE FITNESS SUPERSTORE is merely descriptive;

TROJAN LAW OFFICES
BEVERLY HILLS

1

d.      An award of attorney fees and costs of suit against Defendant;

2

f.      Any and all other relief that the Court deems proper.

3

4

## VIII.  DEMAND FOR JURY TRIAL

5

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment

6

to the United States Constitution and hereby demands a jury trial in accordance

7

therewith.

8

9

Respectfully submitted,

10

TROJAN LAW OFFICES

11

By:

12

13

Dated: August 29, 2024

/s/R. Joseph Trojan
R. Joseph Trojan
Attorney for Plaintiff
Fitness Superstore, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROJAN LAW OFFICES
BEVERLY HILLS