UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS SUPERSTORE, INC.,<br>Plaintiff,<br>v.<br>JJW, INC.,<br>Defendant. | No. 2:24-cv-02355-DC-SCR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>(Doc. No. 14) |

This matter is before the court on Defendant's motion to dismiss Plaintiff's claims against it due to this court's lack of personal jurisdiction. (Doc. No. 14.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 21.) For the reasons explained below, the court will grant Defendant's motion to dismiss.

**BACKGROUND**

Plaintiff Fitness Superstore, Inc., filed this trademark action against Defendant JJW, Inc., on August 29, 2024, seeking declarations from this court that Defendant's trademark is invalid and that Plaintiff did not infringe on Defendant's trademark rights. (Doc. No. 1.)

Plaintiff and Defendant both specialize in the online sale of gym equipment for commercial and home use. (*Id.* at ¶¶ 1, 2.) Defendant also operates two physical stores, which are located in Albuquerque, New Mexico and El Paso, Texas, and which are both called "THE FITNESS SUPERSTORE." (*Id.* at ¶ 2.) On December 30, 2022, Defendant allegedly filed a

federal trademark application for "THE FITNESS SUPERSTORE," which matured into Registration No. 7417510. (*Id.* at ¶ 5.) Plaintiff alleges that Defendant's trademark registration is for "retail store services" and "fitness equipment maintenance and repair services" in the field of fitness equipment. (*Id.*) Further, Plaintiff alleges that Defendant consented to Plaintiff's use of "FITNESS SUPERSTORE," by maintaining friendly relations with Plaintiff for fourteen years without objecting to Plaintiff's use of "FITNESS SUPERSTORE." (*Id.* at ¶ 6.) Plaintiff then allegedly received a letter from Defendant on August 2, 2024, demanding that Plaintiff cease and desist from using "FITNESS SUPERSTORE" or face litigation. (*Id.* at ¶ 7.)

Defendant filed the pending motion to dismiss on October 23, 2024, pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that this court lacks personal jurisdiction over Defendant. (Doc. No. 14.) Plaintiff filed an opposition thereto on November 11, 2024. (Doc. No. 22.) Defendant filed a reply in support of the pending motion on December 3, 2024. (Doc. No. 23.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Where the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "Uncontroverted allegations in the complaint are taken as true, but in the face of a contradictory affidavit, the 'plaintiff cannot simply rest on the bare allegations of its complaint.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (quoting *Mavrix*, 647 F.3d at 1223); *see also Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit"). Rather, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted).

Where, as here, no federal statute authorizes personal jurisdiction, the law of the state in which the district court sits applies. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm jurisdictional statute is coextensive with federal due process requirements. *Id.* Due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Picot*, 780 F.3d at 1211 (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)). General jurisdiction exists when the defendant is domiciled in the forum state or has contacts with the forum state that are so "continuous and systematic" as to render the defendant essentially "at home" in that forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction allows courts in a forum state to resolve both matters that originate within the forum state and those based on activities and events elsewhere. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).

Specific jurisdiction exists when a suit arises out of or relates to the defendant's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Courts apply a three-part test to determine whether they can exercise specific personal jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Davis v. Cranfield Aerospace Sols., Ltd.,* 71 F.4th 1154, 1161–62 (9th Cir. 2023) (citing *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff bears the burden of meeting the first two prongs while the defendant shoulders the burden on the final prong." *Id.* "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d

267, 270 (9th Cir. 1995).

## ANALYSIS

### A. General Jurisdiction

In its motion to dismiss, Defendant first argues that Plaintiff fails to establish that this court has general jurisdiction over Defendant because Defendant is not "at home" in California. (Doc. No. 14-1 at 6–7.) A corporation is fairly regarded as "at home"—and thus the exercise of general jurisdiction comports with due process requirements—in the state where the corporation is incorporated and where it has its principal place of business. *See Goodyear Dunlop Tires*, 564 U.S. at 924. A corporation has its principal place of business where it has its "nerve center," which is usually its main headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Arbit v. Schneider Elec. SE*, No. 23-cv-00533-PHX-SPL, 2023 WL 11196882, at *2 (D. Ariz. Nov. 27, 2023), *aff'd*, No. 24-35, 2025 WL 1483372 (9th Cir. May 23, 2025) (applying "nerve center" test for purposes of personal jurisdiction); *Dormoy v. HireRight, LLC*, No. 23-cv-02511-EMC, 2023 WL 5110942, at *5 n. 8 (N.D. Cal. Aug. 9, 2023) (applying "nerve center" test for purposes of personal jurisdiction). A corporation will be deemed "at home" in a state other than the state of its incorporation or principal place of business only in an "exceptional case." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014) (discussing *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437 (1952)).

Here, the evidence before the court suggests that Defendant is incorporated in, and has its principal place of business in, New Mexico.[1] (*See* Doc. No. 14-2.) Further, Plaintiff does not refute that Defendant is "at home" in New Mexico for purposes of general jurisdiction. Thus, Defendant can fairly be regarded as being "at home" in New Mexico.

Plaintiff argues that this court can nonetheless exercise general jurisdiction over

---

[1] Concurrently with its motion to dismiss, Defendant filed a request for judicial notice (Doc. No. 14-2), requesting that the court take notice of search results for Defendant's records with the New Mexico Secretary of State. Accordingly, the court will grant the request (Doc. No. 14-2) and take judicial notice of the search results for Defendant's records with the New Mexico Secretary of State. *See Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 (E.D. Cal. 2016) (taking judicial notice of records of the California Secretary of State).

Defendant due to Defendant's "systematic[]" and "continuous[]" contacts with California. (Doc. No. 22 at 9–10.) Specifically, Plaintiff contends "[Defendant's] systematic purchase of products from California or its attendance at trade shows in California can establish general jurisdiction when the purchases are directly related to the cause of action in the case." (*Id.* at 9.) Plaintiff relies on the Supreme Court's opinion in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), to support this contention, but this reliance is misplaced. Plaintiff reads the opinion in *Helicopteros* as standing for the proposition that "[i]t is only when [] purchases are not related to the cause of action that purchases are not enough for [general] jurisdiction." (Doc. No. 22 at 9.) However, the Court in *Helicopteros* made clear "that purchases and related trips standing alone, are not a sufficient basis for [the] assertion of [general] jurisdiction." *Helicopteros*, 466 U.S. at 417 (citing *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516 (1923)). Indeed, as the Supreme Court later held in its decision in *Daimler*, "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' is unacceptably grasping." *Daimler*, 571 U.S. at 138.

To support its arguments regarding general jurisdiction, Plaintiff submitted evidence with its opposition brief purporting to show that (i) Defendant purchases products allegedly made in California, which are not the subject of this action, from non-party suppliers in California and (ii) Defendant attended trade shows in California. (Doc. Nos. 22-1, 22-2, 22-3, 22-4, 22-5.) Even if the court were to credit Plaintiff's evidence,[2] such evidence would be insufficient to support the exercise of general jurisdiction here because Defendant is in no sense at home in California. *See Goodyear Dunlop Tires*, 564 U.S. at 929 (finding that the defendant was "in no sense at home" in the forum state where it made only sporadic sales in the forum state). Nor does this case appear to be the "exceptional case" where the defendant is essentially at home in a place other than its state of incorporation or principal place of business. *See Daimler*, 571 U.S. at 139 n.19 (discussing *Perkins*, 342 U.S. 437); *cf. Perkins*, 342 U.S. at 448–49 (finding proper the exercise of general

[2] Concurrently with its reply, Defendant submitted objections to certain portions of Plaintiff's evidence. (Doc. No. 23-1.) Because the court finds that it does not have personal jurisdiction over Defendant notwithstanding Plaintiff's evidence, the court need not address Defendant's evidentiary objections.

jurisdiction in Ohio over a foreign corporate defendant where the foreign defendant temporarily moved its principal place of business from the Philippines to Ohio during World War II).

Because Defendant's contacts with California are not sufficient to render it essentially "at home" in California, the court does not have general jurisdiction over Defendant.

**B. Specific Jurisdiction**

The court next turns to Plaintiff's argument that the court can exercise specific jurisdiction over Defendant. (Doc. No. 22 at 11–15.) Plaintiff argues that Defendant purposefully directed its conduct at California and therefore "is subject to specific jurisdiction in California because it maintains an interactive website, which would permit California consumers to contact JJW for purchases." (*Id.* at 11.) To support this argument, Plaintiff cites the Ninth Circuit's decision in *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1093 (9th Cir. 2023) for the rule that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum." Plaintiff argues that application of the precedent in *Herbal Brands* compels a finding that specific jurisdiction over Defendant is available here because Defendant "is likely to have made at least one sale to California consumers via its interactive website given that it has been in business for over 30 years." (Doc. No. 22 at 12.)

The court is not persuaded by Plaintiff's arguments. Plaintiff offers no evidence that Defendant has made any sales to customers in California through its interactive website. Rather, Plaintiff avers only that "it is not plausible that [Defendant] never sold a product in California" because its website caters to consumers "across America" and because Defendant claimed in its trademark application that its mark acquired distinctiveness more than twenty-three years ago. (*Id.* at 12.) These reasons, even if credited, do not compel the conclusion that Defendant has sold products in California through an interactive website. *See Herbal Brands*, 72 F.4th at 1092 (stating that an interactive website "does not establish 'express aiming,'" where the plaintiff does not allege "that Defendants specifically directed their website" or their products at the forum). Indeed, in *Herbal Brands*, it was uncontested that the out-of-state defendants sold products in the forum state. *Id.* at 1089. Here, by contrast, there is no evidence indicating Defendant sold

products in California or otherwise intended to focus on California. *See id.* at 1092 ("When the website itself is the *only* jurisdictional contact, our analysis turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum.") (emphasis in original).

Even if Plaintiff could show that Defendant made at least one sale in California, that sale would be insufficient to allow the court to exercise specific jurisdiction over Defendant, contrary to Plaintiff's contention. (*See* Doc. No. 22 at 11.) For sales to be sufficient to establish that Defendant "expressly aimed" its conduct at California, "two key elements" must be present. *Herbal Brands*, 72 F.4th at 1094. First, "sales must occur as part of the defendant's regular course of business instead of being 'random, isolated, or fortuitous.'" *Id.* Here, even if Defendant sold products in California, there is no evidence that these sales would have been part of Defendant's regular course of business. Indeed, as Plaintiff alleges in the complaint, "[Defendant] limits its sales to predominately New Mexico and West Texas." (Doc. No. 1 at ¶ 3.) That allegation supports the inference that any sales in California would not be made in Defendant's regular course of business. Second, "the defendant must exercise some level of control over the ultimate distribution of its products beyond simply placing its products into the stream of commerce." *Herbal Brands*, 72 F.4th at 1094. There is no evidence before the court concerning Defendant's level of control over the distribution of its products. In any event, failure to satisfy the first element precludes a finding that Defendant "expressly aimed" its conduct at California under *Herbal Brands*. *See id.*

For these reasons, the court does not have specific jurisdiction over Defendant.

**C. Jurisdictional Discovery**

In its opposition to the pending motion, Plaintiff requests that it be given an opportunity to conduct jurisdictional discovery related to Defendant's contacts with California. (Doc. No. 22 at 15–16.) Defendant argues Plaintiff's request for jurisdictional discovery should be denied because Plaintiff fails to show a colorable basis for its request. (Doc. No. 23 at 11.) Here too, the court agrees with Defendant.

Jurisdictional discovery should ordinarily be granted where "pertinent facts bearing on the

question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc*, 557 F.2d at 1285 n.1). However, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the [c]ourt need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted). In other words, limited jurisdictional discovery should not be permitted to conduct a "fishing expedition." *Scanlon v. Curtis Int'l Ltd.*, 465 F. Supp. 3d 1054, 1067 (E.D. Cal. 2020) (citation omitted).

"District courts in this circuit have required a plaintiff to establish a 'colorable basis' for personal jurisdiction before discovery is ordered." *Martinez v. Manheim Cent. Cal.*, No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011) (collecting cases). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (citation omitted).

Plaintiff has not made a colorable showing that personal jurisdiction over Defendant is appropriate. To be entitled to jurisdictional discovery, Plaintiff is required to produce "'some evidence' tending to establish personal jurisdiction over the defendant." *Mitan*, 497 F. Supp. 2d at 1119 (citation omitted). Even if credited, the evidence Plaintiff offers with its opposition brief does not tend to show that Defendant has "continuous and systematic" contacts with California or that Defendant purposefully directed its conduct at California. Moreover, Plaintiff has not specified what discovery it intends to conduct or how that discovery would reveal facts giving rise to personal jurisdiction over Defendant. Indeed, Plaintiff's assertion that "[Defendant] is likely to have made at least one sale to California consumers," without more, suggests that Plaintiff's request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *See Boschetto*, 539 F.3d at 1020 ("The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield

jurisdictionally relevant facts, was not an abuse of discretion."). Therefore, the court concludes that jurisdictional discovery is unwarranted.

Having found that none of Plaintiff's asserted bases for personal jurisdiction over Defendant exist, and jurisdictional discovery is unwarranted, the court will grant Defendant's motion to dismiss Plaintiff's claims against it due to a lack of personal jurisdiction.

**CONCLUSION**

For the reasons explained above:

1. Defendant's request for judicial notice (Doc. No. 14-2) is GRANTED;
2. Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (Doc. No. 14) is GRANTED;
3. This action is DISMISSED without prejudice; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 16, 2026**

Dena Coggins
United States District Judge